# ROCKINGHAM,

## JANUARY TERM, A. D. 1850.

---

### PICKERING *v.* WENDELL.

One cannot be charged as trustee by reason of holding funds belonging to the wife of the principal, or which have been assigned to another in trust for her separate use:

Nor by reason of holding funds of persons indebted to the principal, on which he has a lien, or which he has a power-of-attorney to receive.

FOREIGN ATTACHMENT. The disclosure of the trustee, Henry F. French, is as follows:

*Interrogatory* 1. Had you, at the time of the service of the plaintiff's writ on you, or have you at any time since had, in your hands or possession, any money, goods, chattels, rights or credits of said Wendell?

*Answer.* Not otherwise than may be adjudged on the following statement: Said writ was served on me on the 28th day of October, A. D. 1848. I was appointed administrator of the will annexed of William Gardner, late of Portsmouth, in said county, on the 8th day of November, 1842. By the last will and testament of said William Gardner, he bequeathed and devised to his wife, Sarah Gardner, as follows: "All the property, both real and personal, that I am possessed of, during her life, except my farm in Wendell. No part of the bank stock is to be disposed of unless her comfort should require it, but it is to be apportioned to my relations according to her discretion, to be enjoyed by them after her decease." Said Sarah Gardner died without having made any valid

appointment under her husband's will, and it has been agreed in unity by the parties interested, that the proceeds of all the bank stock named in the clause of said William Gardner's will, above set forth, may be paid by me in eight equal shares, to the following persons and their assigns, to wit: 1. To the administrator of Christopher Gardner; 2. To Mary W. Drown, of said Portsmouth; 3. To David Gardner, of said Portsmouth; 4. To Samuel Gardner, of Wendell; 5. To Mary Tucker, wife of John Tucker, of said Portsmouth; 6. To Andrew Gardner, of said Portsmouth; 7. To John Gardner, of said Portsmouth; 8. To Sukey Wendell, wife of Abraham Wendell, of said Portsmouth: provided, however, that this agreement shall not be taken to impair the right of any of us to claim of the other signers hereof any part of the money so to be paid by said French, if by law any of us are entitled to more than one eighth thereof. On the 12th day of May, 1846, I settled an account of my said administration in the probate court in two parts; the first part being my general account of administration, and the second part being in relation to the proceeds of said bank stock. On the first part of my said account the balance found in my hands by the decree was $226.68. On the second part, as to the bank stock, the balance found in my hands was $3,103.99. An appeal from said decree was claimed and prosecuted by said Abraham Wendell, and the decree, at December term of the Superior Court, 1848, was affirmed, and the case ordered to be remitted to the probate court for further proceedings: since which time no proceedings have been had thereon. I paid to the persons entitled thereto, on the 25th of December, 1848, the shares (being $388.00 each) of Mary Tucker and David Gardner, before named, in the said bank stock so found in my hands, and have the balance of all said funds now in my hands. I have received a small amount of property, being the proceeds of said bank stock, since I

settled my first account, and have incurred other expenses of administration in relation thereto, which I am not able to state, but I think my receipts since said settlement exceed my expenses. I decline to be charged as trustee as to the first part of my administration account, until a special decree of distribution be procured, as I am not informed to whom said balance is payable. On or about August 12, 1847, I received from Abraham Wendell the following letter :

"<i>Portsmouth, August</i> 12, 1847.

HENRY F. FRENCH, ESQ.,

*Sir*—I understand that you have written to some of the heirs of William Gardner's estate, that you are willing to pay out to them their proportion of a settlement, made in probate court, of your administration account, May 12, 1846 ; from which you know an appeal was taken. (Can this be a generous offer, after the money has remained in your hands over a year ?) Now this is to inform you that I am in advance for all of them, and from some have a regular power-of-attorney ; shall, therefore, hold you accountable for any expense I have been at for them, and in prosecuting the appeal made in behalf of them as well as myself, in case such payment is made without my consent, and also for any balance in your hands.

Yours respectfully,

A. WENDELL, for the heirs."

I received from said Abraham Wendell papers purporting to be copies of assignments from Andrew Gardner and from John Gardner, to Henry F. Wendell, in trust for Sukey Wendell, wife of said Abraham, of their interest in the estate of said William Gardner. Said Henry F. Wendell is the son of said Abraham and Sukey Wendell, and the assignments are for his separate use. On or about the 17th of March, 1847, I received from said Abraham the paper purporting to be a power-of-attorney from Mary W. Drown aforesaid to said Abraham Wendell,

to receive her portion of Gardner's estate, and to retain the amount of his expenses. On the 8th day of February, 1849, said Abraham exhibited to me a paper purporting to be a power-of-attorney from Samuel Gardner, before named, authorizing said Abraham to receive said Samuel's share of said William Gardner's estate, and retain his (said Abraham's) expenses relative to said estate, and account to said Samuel for the balance. At the same time said Abraham exhibited to me a paper, purporting to be an order from said Samuel, on me, to pay said Abraham the share of said estate to which said Samuel should be entitled. The power-of-attorney and order bore date of 1844. Said Abraham at the same time, February 8, 1849, demanded of me said Samuel's share of said estate. I requested him to allow me to take copies or minutes of said papers, which he refused to do. On or about February 13, 1849, W. H. Y. Hackett showed me some papers, purporting to be signed by Samuel Gardner aforesaid, and Abraham Wendell, showing, as I understood them, some agreement between them that I should pay said Samuel's share to said Hackett. On the 14th day of February, 1849, said Samuel called on me personally, with a person calling himself Joseph Tucker, of Wendell, and requested me to pay him his share of said estate. I explained to him my situation as trustee in this suit, and he then showed me a paper, signed by said Abraham Wendell, a copy of which I took, and it is as follows :

"Portsmouth, February 14, 1849. Received of Samuel Gardner, one of the heirs of the estate of the late William Gardner, deceased, one hundred and forty dollars ; being his proportion of expenses and services in the suits brought to recover the estate of said Gardner in Boston, and on Sarah Gardner's will and appeal from the administration account of Henry F. French on said estate, and all bills in to this date.

$140. ABRAHAM WENDELL."

On or about January 1, 1846, I received from William Haven, of Portsmouth, an order signed by Abraham Wendell, to pay him three hundred dollars out of the share of his wife, Sukey Wendell, in said estate. Said order is dated July 17, 1843. I further say, that I hold a note signed by said Abraham and Henry F. Wendell, which is as follows:

*"Portsmouth, April* 23, 1846.

For value received I promise to pay Henry F. French, administrator on the estate of William Gardner, or order, one hundred and seven dollars and two cents; as he settles his administrator account, and pays to the heirs of the said Gardner the dividend due them for goods bought at S. Larkin's auction belonging to said estate.

$107.02.            ABRAHAM WENDELL,
                    HENRY F. WENDELL, surety."

*H. F. French, pro se.*

WILCOX, J. The trustee cannot be charged for the amount which he holds belonging to the wife of the principal debtor, or which he owes her. That is a chose in action, not reduced to possession. *Wheeler* v. *Morse and Tr.,* 13 N. H. 478; where the precise point was decided. *Marston* v. *Carter,* 12 N. H. 159.

Nor can he be charged on account of the rights assigned to Henry F. Wendell in trust for the wife of the principal defendant. They are assigned for her separate use, and are, moreover, mere *choses* in action, that have never been reduced by the defendant to possession.

Nor can he be charged because the principal debtor had claims against third persons, and liens upon their funds in the trustee's hands. The trustee in such case has no effects of the principal debtor, and is not in law accountable to him. His claim upon the fund is wholly contingent upon the failure of the indebted party to pay the debt

from other means, and in a more direct manner. It is one which such party can defeat, and which the defendant cannot transfer without also transferring the debt to which it is incident.

The effect of sustaining this attachment would be to appropriate the property of Wendell's debtors to pay his debts, without making them parties to any proceedings instituted for that object. They should be summoned as trustees, if such a purpose is entertained. If Wendell has a claim against them for his alleged services and disbursements, the amount does not appear, nor can it be settled in a suit in which they are not parties.

The trustee has money of Mary W. Drown in hand, and the principal debtor has her power-of-attorney to receive it; but that does not authorize a creditor of his to seize it. The defendant is by the power made a mere servant, to receive and convey the money to her. What was said of his lien in the other cases, is applicable to this. The sum for which he holds it is not and cannot, by this suit, be determined, and her money cannot be taken to pay his debts.

The trustee must, therefore, be discharged.